JAMES A. McGIMPSEY, PLAINTIFF-APPELLANT, v. SECURITY BUILDING AND LOAN ASSOCIATION, DEFENDANT-RESPONDENT.

Submitted October 16, 1931—Decided December 10, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the appellant, *Vincent S. Haneman.*

For the appellee, *Herbert R. Voorhees.*

PER CURIAM.

The plaintiff, owner of real estate, borrowed from the appellee the sum of $10,000 and gave it his bond secured by a mortgage upon his lands. As further security for such loan, the bond and mortgage required the mortgagor to insure his life in the sum of $10,000 and assign the policy to the mortgagee, and part of the monthly payments included the premium upon such policy. Such a policy was issued by the John Hancock Mutual Life Insurance Company and this policy was duly assigned to the defendant-appellee.

Upon default under the mortgage the defendant below foreclosed and purchased the property under such sale September 5th, 1929, for $100. The decree was for $10,504.34, leaving a deficiency of $10,404.34.

The property was sold by appellee April 1st, 1930, for $11,500. At that time the total amount due appellee was $11,899.44. Deducting from this the selling price of $11,500 left a deficiency of $399.44. After the foreclosure sale and on November 16th, 1929, the appellee applied for and obtained from the insurance company the cash surrender value of the life insurance policy before referred to amounting to $425.

Thereupon appellant brought suit to recover from appellee this amount of $425 and the court below found in favor of the defendant below and rendered judgment accordingly. From this judgment the plaintiff below appeals and appears to urge in support of a reversal that appellee was not entitled to the cash surrender value of $425 unless—

1. It brought suit and recovered a judgment for deficiency.

2. Because it elected to take the property as security for its debt.

But we think neither of these grounds is tenable. The

policy of insurance by reason of the form of its assignment, was collateral security of similar tenor and effect to that usually taken as security for a negotiable instrument. The mortgagee was entitled, therefore, to the proceeds thereof upon giving credit, upon the debt secured, for the amount secured therefrom.

Generally speaking the judgment of the court below was correct and well founded in law. However, the total loss to the defendant-appellee, from the agreed state of facts, seems to have been $399.44, exclusive of this sum of $425.

In strictness, therefore, the appellant was entitled to the difference between this amount of $399.44 and $425 or $25.56.

Inasmuch as the whole record of the case is before us, therefore, under the statute and rulings of this court the judgment below will be reversed and judgment will be entered in favor of the plaintiff below and against the defendant for $25.50, but without interest and without costs.