MARKET PLUMBING AND HEATING SUPPLY COMPANY, RESPONDENT, v. JOSEPH F. SPANGENBERGER, APPELLANT.

Submitted October 13, 1933—Decided January 11, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *Michael S. Precker*.

For the respondent, *Harry Levin*.

The opinion of the court was delivered by

PARKER, J. The question is whether plaintiff's claim for goods sold and delivered, in other respects undisputed, was vitiated in whole or in part because obnoxious to the gaming laws, and, if so, to what extent. The trial was with jury, and the court directed a verdict for the plaintiff for the full amount of the claim.

The plaintiff corporation, with a view to stimulating trade, circularized its regular customers, and perhaps others, advising them that everyone who bought not less than $25 worth of goods between December 6th and December 31st would be entitled to one chance in a raffle to be held on December 31st, at which raffle the lucky ones would receive prizes of various characters and values. Among these prizes there was a boiler priced at $147. The defendant already owed the plaintiff some

three hundred odd dollars on previous accounts but he went into the scheme and between December 6th and 31st bought goods amounting roughly to something over $100 more. The raffle was held and the defendant drew the boiler. He never received the boiler though the plaintiff's witness testified, apparently without contradiction, that it was at the shop ready for him at any time.

Defendant refused to pay anything on his account although, as already stated, he owed plaintiff a balance of over $300 on purchases made prior to December 6th. The plaintiff brought suit based on the complete book account from November 12th to December 28th, a total of $548.25, less credits of $10.45 and $100, or a balance of $437.80. Defendant counter-claimed for the value of the boiler but that is now expressly abandoned. At the trial both sides moved for a directed verdict. The defendant moved for a directed verdict on the ground that "no action will lie when a plaintiff must base his claim in whole or in part on a violation by himself of the criminal or penal law of the state," and on the further ground that as plaintiff had brought the suit on the whole book account, this was indivisible, and as at least $25 of it was tainted with gaming, the whole thing must fail. The plaintiff moved for a direction on the ground that there was no lottery or gaming element and resting on the case of *Leonard* v. *Pennypacker,* 85 *N. J. L.* 333, in the Court of Errors and Appeals. The judge held that there was no substantial defense, that the book account was admitted, and that no lottery feature was involved, and accordingly directed a verdict for the $437.80 claimed as a balance.

The Pennypacker case is clearly not in point as no element of chance was there involved, the right to the prize turning merely on the question who could produce the largest number of votes at one cent a vote, in blocks of five hundred. But in the present case the element of chance was clearly involved. The scheme differed in nowise from an ordinary raffle at so much per chance, or a lottery with a number of prizes at so much per ticket, except that each ticket was paid for by buying $25 worth of goods. It differed from the trading stamp

scheme, once popular, now disused, in which a purchaser to a stipulated amount was entitled to a stipulated prize without any drawing. Here the gaming feature was that a $25 customer might or might not get a prize of varying value according to the chance of the drawing, just as a purchaser of one out of fifty-seven building lots might get a better or inferior lot according to the drawing. *Wooden* v. *Shotwell,* 24 *N. J. L.* 789.

But we are clearly of opinion that under no theory of the case could the gaming taint affecting the $25 of purchases needed to qualify, affect other purchases not included therein. Whatever the defendant owed up to December 6th, he continued to owe, unaffected by purchases qualifying him for the drawing. Similarly whatever he bought after December 5th in excess of the qualifying $25 was in no way affected. We incline to think that as to that $25 the plaintiff is not entitled to recover, but is entitled to the balance of the account.

The judgment is plainly right in all respects except the items of December 8th to 14th inclusive, amounting to $20.57, and that of December 15th, $6.65. These, taken together, amount to $27.22 which includes the illegal $25. Plaintiff offering in its brief to waive those items, in all $27.22, and they being readily separable, the judgment will be affirmed under the rule to the amount of $410.58, and reversed as to $27.22 of the $437.80 adjudged below. *Roth* v. *General Casualty Co.,* 106 *N. J. L.* 516; *McGimpsey* v. *Security Building and Loan Association,* 10 *N. J. Mis. R.* 17; 157 *Atl. Rep.* 441; *Frank J. Bloom Co.* v. *Kuemmerle Corp.,* 104 *N. J. L.* 549.